UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GRACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06CV1510 CEJ |
| ) | |
| CMS MEDICAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having

custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on October 16, 2006. See 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $14.17 and an average monthly account balance of $2.71. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.83, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46

(1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## The Complaint[1]

Plaintiff, an inmate at St. Louis City Justice Center, seeks monetary and injunctive relief in this action brought under 42 U.S.C. § 1983 against defendants CMS Medical Services (CMS), Dr. Susan Singer, Nurse E. Harris, and Corrections Officer Tony West. Plaintiff alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

---

[1] Plaintiff filed his Complaint on October 16, 2006, and he filed his First Amended Complaint on October 24, 2006, before any other activity occurred in this case. Giving the pleadings the benefit of a liberal construction, it appears that plaintiff intended for the First Amended Complaint to be an addendum to the Complaint rather than a superseding complaint. As a result, the Court will not treat the Complaint as superseded by the First Amended Complaint but will take both complaints together. See Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

If plaintiff seeks leave to amend his complaint in the future, however, he is warned that an amended complaint supersedes all previous complaints and renders them without legal effect. In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Additionally, Fed. R. Civ. P. 10(a) requires that all parties be named in the title to the action.

Plaintiff has HIV disease and needs to take the following medications: Zidovudine ("AZT"), Viramune, and Lamivudine (collectively, the "HIV medications"). The HIV medications are to be taken twice a day without missing a dose. Plaintiff claims that if he misses doses of his medication, the HIV will become drug-resistant and the medication will become less effective.

Plaintiff alleges that Singer and Harris have failed to give him his HIV medications on several occasions. He claims to have addressed the issue with them on several occasions but that they continue to deprive him of his medication.

Plaintiff alleges that West has shown deliberate indifference to his medical needs and has violated his right to privacy because West disclosed plaintiff's HIV status to other inmates, which has caused the other inmates to harass plaintiff.

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v.

Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against defendant CMS, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993).

### A.     Defendants Singer Harris

Plaintiff has sufficiently alleged deliberate indifference to serious medical needs against defendants Singer and Harris. These claims survive review under § 1915(e)(2)(B) and should not be dismissed at this time. Accordingly, the Court will order that defendants Singer and Harris respond to these claims.

### B.     Defendant CMS

Plaintiff has not alleged that policy, custom, or official action of CMS was the cause of Singer and Harris's failure to provide his medications. As a result, plaintiff's claims against CMS do not survive review under § 1915(e)(2)(B). Accordingly, plaintiff's claims against CMS will be dismissed.

### C.     Defendant West

Plaintiff has not alleged that West had any involvement in the failure to provide plaintiff with his HIV medications. As a result, plaintiff's claim for medical indifference against West does not survive review under § 1915(e)(2)(B).

Plaintiff's privacy claim against West fails because the Constitution does not

provide prisoners with a right to privacy regarding their HIV status.  <u>Tokar v. Armontrout</u>, 97 F.3d 1078, 1084 (8th Cir. 1996).  As a result, plaintiff's claims against West are not actionable under § 1983 and do not survive review under § 1915(e)(2)(B).  Accordingly, plaintiff's claims against West will be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $2.83 within thirty (30) days from the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process on the complaint as to defendants CMS or West because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.  28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the complaint as to defendants Singer and Harris.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2),

defendants Singer and Harris shall respond to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

Dated this 30th day of October, 2006.

_____
**UNITED STATES DISTRICT JUDGE**