UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GRACE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 4:06-CV-1510 (CEJ) |
| ) | |
| E. HARRIS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Ellen Harris, Debra Jones, and Susan Singer, M.D. to dismiss plaintiff's state law claims of professional negligence based on Mo. Rev. Stat. § 538.255.

**I. Factual Background**

Plaintiff is a pretrial detainee at the St. Louis Justice Center. The St. Louis Justice Center is a municipal confinement facility under the jurisdiction of the Department of Public Safety of the City of St. Louis. Plaintiff has been prescribed and requires an "HIV cocktail" of medications to be administered together at regular times, every day. The cocktail contains the medications Zidovudine, Viramune, and Lamivudine and is used to control the HIV virus and slow its progression.

Defendant Susan Singer, M.D. is a staff physician at the St. Louis Justice Center. Defendants Ellen Harris and Debra Jones are nurses at the St. Louis Justice Center.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that the defendants have been deliberate indifferent to his serious medical needs, in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff also asserts state law claims of professional negligence and failure to exercise the standard of care ordinarily exercised by physicians under the same or similar circumstances. Plaintiff alleges that defendants failed to provide him the necessary and prescribed medications to treat his HIV.

**II. Discussion**

To sustain a claim under §1983, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." White v. Gammon, No. 2:04 CV 23(JCH), 2005 WL 3079043, at *1(E. D. Mo. Nov. 16, 2005)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "A plaintiff must demonstrate '(1)that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Id.(quoting Dulany v. Camahan, 132 F.3d 1234, 1239 (8th Cir. 1997)). However, it is clearly established that "claims of negligence are not

actionable under Section 1983." Hemingway v. Moore, No. 4:04CV249 HEA, 2007 WL 397139, at *4 (E.D.Mo.Feb. 01, 2007). Therefore, plaintiff's claims of professional negligence would be decided as a state law tort claim.

Defendants allege that plaintiff failed to file the requisite affidavit under Mo. Ann. Stat. § 538.225.1 (1995). The statute provides, in relevant part:

> In any action against a health care provider for damages for personal injury or death on account of the rendering or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances...

Mo. Ann. Stat. § 538.225.1 (1995). The statute requires the plaintiff to file the affidavit within 90 days of the filing of the petition. If the affidavit is not filed within that time, and "the Court does not find good cause for the failure, the Court must dismiss the claim without prejudice." White, No. 2:04 CV 23 JCH, 2005 WL 3079043, at *3. "This provision applies only to medical malpractice tort actions." Id. (citing Morrison v. St. Luke's Health Corp., 929 S.W.2d 898, 905 (Mo.Ct.App. 1996)); See Moore v. Ernest-Jackson, 16 F.Appx. 517, 518 (8th Cir. 2001). The "purpose

of § 538.225 is to eliminate at the early stages of litigation medical malpractice actions against health care providers which lack the color of merit and to protect the public against the costs of ungrounded medical malpractice claims." Morrison, 929 S.W.2d at 905 (citing Mahoney v. Doerhoff Surgical Services, 807 S.W.2d 503, 507 (Mo.banc 1991)).

In the case at bar, plaintiff alleges that the defendants' "refusal to administer Plaintiff's medication constitute[s] deliberate indifference to Plaintiff's medical needs causing him extreme physical discomfort and a deterioration of his medical condition,..as well as professional negligence and a failure to exercise that standard of care ordinarily exercised by members of their profession under the same or similar circumstances. (Am. Compl. 5). Plaintiff contends that his negligence claim is part of his § 1983 claim. However, plaintiff's claims of negligence are based on the defendants' alleged breach of duty and thus not sufficient to allege a constitutional violation of his rights. Therefore, plaintiff was required to file an affidavit of merit regarding his common law tort claim of negligence.

Plaintiff failed to file the necessary affidavit in support of his state law claim of negligence. Therefore, this Court must dismiss plaintiff's state law claims of professional negligence and failure to exercise that standard of care ordinarily exercised by members of their profession under the same or similar circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that the motion [Doc. #51] of defendants Ellen Harris, Debra Jones and Susan Singer, M.D., to dismiss the plaintiff's professional negligence claims against them is **granted.**

						_____
						CAROL E. JACKSON
						UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2007.