UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GRACE, Plaintiff, | ) | |
| vs. | ) | No. 4:06-CV-1510 (CEJ) |
| E. HARRIS, et al., Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Eugene Stubblefield for summary judgment. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff William Grace, who is HIV positive, alleges that he was denied doses of prescribed antiretroviral medication while he was a pretrial detainee at the St. Louis City Justice Center.[1] He filed this action pursuant to 42 U.S.C. § 1983, seeking injunctive relief and damages from defendants Eugene Stubblefield, (superintendent, Division of Corrections), Susan Singer, M.D., (staff physician), Ellen Harris (nurse), and Debra Jones (nurse). Defendant Stubblefield seeks summary judgment, arguing that plaintiff has produced no evidence that Stubblefield participated in the alleged failure to dispense plaintiff's medications.

**I. Background**

[1]Plaintiff is presently committed to the custody of the Missouri Department of Corrections and is confined in the Eastern Reception Diagnostic Correctional Center.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In April 2000, the Barnes Jewish Hospital Infectious Diseases Clinic diagnosed plaintiff with AIDS and started him on a medication regimen, known as Highly Active Anti-Retroviral Therapy (HAART).[2] Plaintiff received his treatment through the Infectious Diseases Clinic until his incarceration; records of his treatment have been provided to the Court.

Plaintiff entered the Justice Center as a pretrial detainee on November 7, 2005. On November 10, 2005, defendant Susan Singer, a physician at the Justice Center, entered an order for antiretroviral drugs to be taken twice per day. There is no contention that plaintiff was prescribed the wrong drugs; rather, the dispute centers on whether the prescribed medications were dispensed to plaintiff in a consistent manner.

Plaintiff testified at deposition that the following procedure was used to dispense his medication: Twice each day, a corrections officer would electronically open the cell door, and plaintiff would then proceed to the housing unit door where a nurse dispensed his medication through a "chuck hole." The nurse would then log each dispensed dose by initialing the appropriate date and time on a Medication Administration Record (MAR).

There are gaps in plaintiff's MARs, indicating either that the medication was not dispensed in accordance with Dr. Singer's orders or that the dispensing nurse neglected to initial the record. In addition, defendants assert that plaintiff sometimes refused his

[2]HAART refers to the practice of prescribing anti-retroviral drugs in combination.



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

medication, a statement that plaintiff disputes. Plaintiff asserts that approximately 95% compliance with HAART is necessary to prevent mutation of the HIV virus and that the MARs establish that he was denied at least 15% of his prescribed doses.

Defendant Stubblefield has no medical training and thus plays no role in the medical care provided to the inmates at the Justice Center. He holds an administrative position and does not personally interact with inmates on a regular basis. Plaintiff testified that he never interacted with defendant Stubblefield during his incarceration at the Justice Center.

**II. Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## III. Discussion

Plaintiff contends that defendant Stubblefield, as the superintendent of the Division of Corrections, is "charged with the responsibility for all operations" of the Justice Center and therefore may be held liable for the alleged lapses in plaintiff's medication. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). *Respondeat superior* cannot be the basis of liability in a § 1983 claim, Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990), and defendants are liable for their personal acts only. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37-38 (8th Cir. 1995). Thus, plaintiff cannot seek to hold defendant Stubblefield liable based solely upon his role as superintendent.

However, a supervisor may be held liable for a constitutional violation "when the supervisor is personally involved in the



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (footnote omitted). "The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye [to it]." Id. (alteration in original). See also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (official must be aware of facts from which inference of risk of harm can be drawn and must also draw the inference).

Because plaintiff's status was that of a pretrial detainee, his deliberate indifference claim is analyzed under the Fourteenth Amendment. Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006). "It is now settled, . . . that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." Hartsfield v. Colburn, 491 F.3d 394, 396 (8th Cir. 2007) (quoting Butler). To establish deliberate indifference, plaintiff must prove that he had objectively serious medical needs and that defendant Stubblefield actually knew of but deliberately disregarded those needs. Meloy v. Bachmeier, 302 F.3d 845, 848-49 (8th Cir. 2002). Deliberate indifference may be manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with prescribed treatment. Id. at 849 (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Deliberate indifference is akin to criminal



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

recklessness, which demands more than negligent misconduct. Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003).

In his opposition to defendant's motion, plaintiff asserts that he was denied 22 doses of medication after February 15, 2007, when a deputy superintendent accepted service of the summons and amended complaint on behalf of defendant Stubblefield. Plaintiff asserts that this evidence is sufficient to support a finding of deliberate indifference to his medical needs. The Court disagrees. First, although plaintiff cites his interrogatory responses to support his contention, those responses are not attached to plaintiff's opposition. Second, mere service of litigation documents upon an agent is not sufficient to establish that defendant Stubblefield himself knew that plaintiff's medication was not being properly dispensed, or that he turned a blind eye to the lapses in plaintiff's medication regimen.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Eugene Stubblefield for summary judgment [Doc. # 85] is **granted**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2008.



PDF created with FinePrint pdfFactory trial version www.pdffactory.com