UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GRACE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:06-CV-1510 (CEJ) |
| E. HARRIS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the joint motion of defendants Ellen Harris, Susan Singer, M.D., and Debra Jones for summary judgment. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff William Grace, who is diagnosed with Acquired Immune Deficiency Syndrome (AIDS), alleges that he was denied doses of prescribed antiretroviral medication while he was a pretrial detainee at the St. Louis City Justice Center.[1] He filed this action pursuant to 42 U.S.C. § 1983, seeking injunctive relief and damages from defendants Eugene Stubblefield, (superintendent, Division of Corrections), Susan Singer, M.D., (staff physician), Ellen Harris (nurse), and Debra Jones (nurse). Defendants Singer, Harris, and Jones seek summary judgment, arguing that plaintiff has failed to present evidence that they acted with deliberate indifference to his serious medical needs, or that he suffered any injury as a result of their treatment of him.

---

[1] Plaintiff is presently committed to the custody of the Missouri Department of Corrections and is confined in the Eastern Reception Diagnostic Correctional Center.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## I. Background

In April 2000, the Barnes Jewish Hospital Infectious Diseases Clinic diagnosed plaintiff with AIDS and started him on a medication regimen, known as Highly Active Anti-Retroviral Therapy (HAART).[2] Plaintiff received his treatment through the Infectious Diseases Clinic until his incarceration; records of his treatment have been provided to the Court.

Adherence to a medication regimen is critical to prevent mutation of the HIV virus and subsequent resistance to medication. Plaintiff was aware of the importance of following his medication schedule but testified that he occasionally failed to take his medication before his incarceration, especially when he worked in the evenings. In addition, there are lengthy gaps in his treatment at the Barnes-Jewish Hospital's Infectious Disease Clinic, where he received his primary care. For example, plaintiff did not appear for treatment at the clinic between July 20, 2000, and August 9, 2001. The clinic records state that plaintiff reported that he had been without medication for six or seven months. Plaintiff testified at deposition that, contrary to what appears in the records, he was receiving inpatient treatment during this time and was provided his medication. However, he has not given the Court medical records to substantiate his testimony that he was consistently adherent to a prescription regimen.

---

[2]HAART refers to the practice of prescribing anti-retroviral drugs in combination.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff entered the Justice Center as a pretrial detainee on November 7, 2005. On November 10, 2005, defendant Susan Singer, a physician at the Justice Center, entered an order for antiretroviral drugs to be taken twice a day. There is no contention that plaintiff was prescribed the wrong drugs; rather, the dispute centers on whether the prescribed medications were dispensed to plaintiff in a consistent manner.

Plaintiff testified at deposition that the following procedure was used to dispense his medication: Twice each day, a corrections officer would electronically open the cell door, and plaintiff would then proceed to the housing unit door where a nurse dispensed his medication through a "chuck hole." The nurse would then log each dispensed dose by initialing the appropriate date and time on a Medication Administration Record (MAR).

There are gaps in plaintiff's MARs, indicating either that the medication was not dispensed in accordance with Dr. Singer's orders or that the dispensing nurse neglected to initial the record. In addition, defendants assert that plaintiff sometimes refused his medication, a statement that plaintiff disputes. Plaintiff asserts that approximately 95% compliance with HAART is necessary to prevent mutation of the HIV virus and that the MARs establish that he was denied at least 15% of his prescribed doses.

The records indicate that Dr. Singer examined plaintiff on December 12th, 15th and 29th, 2005; January 16th, March 16th, April 18th, August 8th, August 17th, and November 9th, 2006; January 12th, February 6th, February 23rd, March 7th, March 12th, April

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

6th, May 8th, May 11th, May 16th, May 23rd, May 30th, June 4th, June 11th, and June 21st, 2007. Dr. Singer ordered blood work on February 8th, March 22nd, May 31st, November 10th, and December 10th, 2006, and January 12th, March 8th, and April 7th, 2007. Genotype testing on February 15, 2007 indicated that plaintiff's HIV was resistant to the medications he was taking and Dr. Singer prescribed new drugs. Subsequent blood tests indicated that the virus was being adequately controlled by the new medication regimen.

## II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not

-4-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

Because plaintiff's status was that of a pretrial detainee, his deliberate indifference claim is analyzed under the Fourteenth Amendment. Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006). "It is now settled, . . . that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." Hartsfield v. Colburn, 491 F.3d 394, 396 (8th Cir. 2007) (quoting Butler). To establish deliberate indifference, plaintiff must prove that he had objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Meloy v. Bachmeier, 302 F.3d 845, 848-49 (8th Cir. 2002). Plaintiff must show "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Id. (quoting Estate of Rosenberg v. Crandall, 56 F.3d 35, 37 (8th Cir. 1995)). Deliberate

-5-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

indifference is akin to criminal recklessness, which demands more than negligent misconduct. Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003). Medical malpractice alone will not support a claim of deliberate indifference. Popoalii v. Correctional Med. Serv., 512 F.3d 488, 499 (8th Cir. 2008).

Plaintiff has presented no evidence that named defendants were deliberately indifferent to his serious medical needs. The evidence shows that defendant Singer prescribed medication to treat plaintiff's condition, ordered blood work to monitor the effectiveness of those medications, and changed plaintiff's medications when it became apparent that it was necessary. With respect to plaintiff's chief complaint -- that he was not always given his medications -- there is no evidence in the record to indicate that defendant Singer had any responsibility for ensuring that medications were dispensed in accordance with her orders. Similarly, plaintiff has presented no evidence that defendants Harris and Jones were the nurses on duty at the times for which the MARs show that his medication was not dispensed, or that the failure to provide the medication was the result of anything other than mere negligence.

Because the Court finds that plaintiff has failed to present evidence that the defendants were deliberately indifferent, it is unnecessary to address defendants' additional argument that plaintiff has not established that he suffered a detriment to his well-being as a result of their treatment of him.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Finally, the Court wishes to thank appointed counsel for their assistance in this important and challenging case.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Ellen Harris, Susan Singer, M.D., and Debra Jones for summary judgment [Doc. #92] is **granted**.

**IT IS FURTHER ORDERED** that the motion to strike plaintiff's expert [Doc. #90] is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #98] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com